

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAUL SARABIA, JR, | § | No. 08-22-00064-CR |
| Appellant, | § | Appeal from the |
| v. | § | 207th Judicial District Court |
| THE STATE OF TEXAS, | § | of Comal County, Texas |
| Appellee. | § | (TC# CR2018-305) |

## **O P I N I O N**

On February 10, 2020, Appellant entered a plea bargain agreement, pleading guilty to aggravated kidnapping and evading arrest in a motor vehicle, and pleading true to an enhancement and deadly weapon finding in Comal County.[1] Pursuant to the agreement, the trial court sentenced Appellant to fifteen years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant subsequently sought to withdraw his plea as involuntary. After a hearing on the voluntariness of his plea, the trial court denied the request.

---

[1] This case was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* TEX.R.APP.P. 41.3.

## I.  FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel notified the Court in writing that he delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he advised Appellant of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex. Crim. App. 2014) (setting forth duties of counsel).

We have carefully reviewed the record and counsel's brief. We agree that the appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. The judgment of the trial court is affirmed.

## II.  MOTION TO WITHDRAW

We believe Appellant's counsel has substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20. No substitute counsel will be appointed. In the event Appellant wishes to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.

Any petition for discretionary review must comply with Rule 68.4 of the Texas Rules of Appellate Procedure. Additionally, any petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this Court. *See* TEX. R. APP. P. 68.2, 68.3.

### III. CONCLUSION

We affirm Appellant's conviction and sentence and grant counsel's motion to withdraw.


SANDEE B. MARION, Chief Justice (Ret.)

December 20, 2022

Before Rodriguez, C.J., Alley, and Marion, C.J.(Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

(Do Not Publish)